**IN THE COURT OF APPEALS OF IOWA**

No. 18-1439
Filed February 20, 2019

**IN THE INTEREST OF I.G.,**
**Minor Child,**

**L.G., Father,**
    Appellant,

**S.T., Mother,**
    Appellant.

_____

        Appeal from the Iowa District Court for Hamilton County, Paul B. Ahlers,

District Associate Judge.

        A mother and a father separately appeal from the termination of their

parental rights. **AFFIRMED ON BOTH APPEALS.**

        Douglas Cook of Cook Law Firm, Jewell, for appellant father.

        Justin J. Kroona of Kroona Law Office, Webster City, for appellant mother.

        Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant

Attorney General, for appellee State.

        Justin T. Deppe of Deppe Law Office, Jewell, guardian ad litem for minor

child.

        Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**POTTERFIELD, Presiding Judge.**

A mother and a father separately appeal from the termination of their parental rights to their child, I.G.

We review termination decisions de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).

The parents essentially concede that at the time of the termination trial, the child was three years of age or younger, had been adjudicated a child in need of assistance, had been out of the parents' custody for twenty-nine consecutive months,[1] and could not be returned to either parent's care at present. Consequently, grounds for termination exist under Iowa Code section 232.116(1)(h) (2017).

Yet, both parents seek a *third* extension of time to seek reunification, which they claim is in the child's best interests. We decline to do so. The statutory time frame for reunification for a child three years of age or younger is six months. *See* Iowa Code § 232.116(1)(h)(1), (3). Once that statutory time limit has passed, we are to view permanency for the child with a sense of urgency. *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000). The parents have already been granted two six-month extensions under section 232.104(2)(b). We will no longer delay permanency for the child. *See In re A.B.*, 815 N.W.2d 764, 777 (Iowa 2012) ("It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child.").

---

[1] We acknowledge the first two months were due to a voluntary placement.

We affirm on both appeals.

**AFFIRMED ON BOTH APPEALS.**